# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO, | Case No. 1:19-cv-00070-DAD-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO |
| v. | DISMISS |
| JOSIE GASTELLO, Warden, | [30-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California Men's Colony located in San Luis Obispo, California. In this habeas petition, Petitioner does not challenge his conviction or sentence. He instead seeks expungement of several Rules Violation Reports ("RVRs") received while housed at Valley State Prison in Chowchilla, California. Respondent has filed a motion to dismiss the petition for failure to state a claim and failure to exhaust state remedies. The Court agrees with Respondent's arguments and will recommend the motion be GRANTED and the petition be DISMISSED.

### DISCUSSION

A. Background

Petitioner received three RVRs at Valley State Prison as follows: 1) Log no. 3567860, dated October 18, 2017, for behavior that could lead to violence; 2) Log no. 3626137, dated October 28, 2017, for disobeying an order; and 3) Log no. 5021735, dated May 15, 2018, for

behavior that could lead to violence. (Doc. 1 at 4.)

On January 8, 2019, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) He seeks expungement of the RVRs to accelerate his eligibility for parole. (Doc. 1 at 6.) He claims that the RVRs affect his sentence because he lost time credits and the RVRs will impact any parole suitability decision. (Doc. 1 at 6.) He further alleges that expungement of the RVRs will provide him with a "less restrictive form of custody." (Doc. 1 at 6.) Petitioner also seeks expungement of a CDC-128-G counseling chrono for falsely stating that he is an alcohol and methamphetamine addict. (Doc. 1 at 7.)

Petitioner also filed a motion to supplement on March 11, 2019, seeking expungement of RVR Log No. 5114824(R1), dated January 22, 2019, for unidentified conduct, and Counseling Chrono Log. No. 6581544, dated March 1, 2019, for failure to appear for work. (Doc. 12.)

On April 25, 2019, Respondent filed a motion to dismiss the petition for failure to state a claim for relief and for failure to exhaust state remedies. (Doc. 15.) On May 10, 2019, Petitioner filed an opposition.

B.    Exhaustion

A petitioner who is in state custody and proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.

Petitioner states he sought relief administratively with CDCR. He also states he has sought relief in the state courts, but acknowledges never having presented his claims to the California Supreme Court. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

C.    Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Here, Petitioner fails to state a claim for relief. He does not allege a violation of a constitutional right or show how his custody is in violation of the Constitution or Federal law. He fails to specify any ground for relief or any facts in support. He simply requests that his RVRs be expunged. Respondent is correct that Petitioner fails to state a cognizable federal habeas claim and the petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, any party may file written objections with the Court and serve a copy on the other party. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to objections are due within ten court days of the date of service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**June 2, 2019**__          _____/s/ *Sheila K. Oberto*_____
                                          UNITED STATES MAGISTRATE JUDGE