UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>            Petitioner,<br><br>       v.<br><br>JOSIE GASTELLO, *Warden*,<br><br>            Respondent. | No.  1:19-cv-00070-DAD-SKO (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 21) |

      Plaintiff Daniel Acedo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 29, 2019, the court adopted in full the June 3, 2019 findings and recommendations issued by the assigned magistrate judge.  (Doc. Nos. 17, 19.)  In that order adopting the findings and recommendations, the court denied Acecdo's petition for federal habeas relief due to his failure to exhaust his claims because he had not presented them to the California Supreme Court, and because his petition, in any event, did not state a cognizable claim for federal habeas relief.  (Doc. No. 19 at 1–2.)  On May 27, 2020, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b).  (Doc. No. 21.)

      Rule 60(b) governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or judgment for the following reasons:

1

     (1) mistake, inadvertence, surprise, or excusable neglect;

     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

     (4) the judgment is void;

     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

  Petitioner raises two arguments in the pending motion for reconsideration. First, he contends that his claims have now been exhausted because they were presented to and rejected by the California Supreme Court. (Doc. No. 21 at 3–4, 86–88.) Second, he reiterates his actual innocence and argues that there have been a "change of facts . . . discovered after reviewing records" that show that he "would not and could not be found guilty" of the Prison Rules

1  Violation Reports that are the subject of this action.  (*Id.* at 3.)  Even if petitioner has now
2  properly exhausted his claims, that does not obviate the fact that he has failed to state a
3  cognizable claim for federal habeas relief.  (*See* Doc. No. 17 at 3–4.)  Moreover, even if petitioner
4  had stated a cognizable claim, he has certainly failed to identify any evidence that would
5  vindicate him and does not explain why such evidence was unavailable to him when he first
6  initiated this action.  *See* Local Rule 230(j).  Petitioner has thus failed to meet the burden required
7  for a motion for reconsideration under Rule 60(b).

        Accordingly, petitioner's motion for reconsideration (Doc. No. 21) is denied.

IT IS SO ORDERED.

Dated:   **June 3, 2020**                             /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE