UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSIE GASTELLO, *Warden*,<br><br>　　　　　Defendant. | No. 1:19-cv-00070-DAD-SKO (HC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A CERTIFICATE APPEALABILITY<br><br>(Doc. No. 23) |

Plaintiff Daniel Acedo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 29, 2019, the court adopted in full the June 3, 2019 findings and recommendations issued by the assigned magistrate judge. (Doc. Nos. 17, 19.) In that order adopting the findings and recommendations, the court denied Acedo's petition for federal habeas relief due to his failure to exhaust his claims and because his petition, in any event, did not state a cognizable claim for federal habeas relief. (Doc. No. 19 at 1–2.) The court also declined to issue a certificate of appealability. (*Id.* at 2–3.)

On May 27, 2020, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b). (Doc. No. 21.) On June 4, 2020, the court denied the motion for reconsideration because Acedo failed to state a cognizable claim for federal habeas relief. (Doc.

1

No. 17 at 3–4.)  The court also concluded that, in any event, Acedo had failed to identify any evidence that would vindicate his claims, and that he neglected to explain why any such evidence was unavailable to him when he first initiated this action.  (Doc. No. 17 at 3–4.)  Simply claiming that he found unspecified evidence "after reviewing records" does not suffice under Local Rule 230(j).

On June 22, 2020, petitioner filed a motion for a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–336 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court had denied the petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

But, as before, the court again concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Petitioner's arguments amount to a either a restatement of his earlier arguments or a disagreement with the court's analysis, neither of which indicate manifest injustice.  And contrary to petitioner's argument that the court denied habeas relief on purely procedural grounds, the court emphasizes that his request to have his RVRs be expunged is not a cognizable federal habeas claim.  (Doc. No. 17 at 4.)  Petitioner simply failed to "allege a violation of a

constitutional right [and] show how his custody is in violation of the Constitution or federal law." (*Id.*) Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore again declines to issue a certificate of appealability.

Accordingly, petitioner's motion for a certificate of appealability (Doc. No. 23) is denied.

IT IS SO ORDERED.

Dated:   **July 1, 2020**

_____
UNITED STATES DISTRICT JUDGE